'TJie opinion of the Court was delivered by
Munro, J.
Two questions are presented by the defendants’ grounds for a nonsuit.
1. Whether the Act of 1839 extends to the case of a joint *383 contract, where only one of the joint contractors “ is about to remove, or abscond from the limits of the State.”
2. Whether the defendant whq remained in the State, by appearing and pleading to the action, has precluded himself from moving for a nonsuit, on the ground that the action was premature and unauthorized.
The 1st Section of the Act of 1839, 11 Stat. 62, is in these words: “ That from and after the first day of January next, whenever a person domiciled in the State, being indebted by bond, note, or otherwise, is about to remove or abscond from the limits of this State, and the said debt is not yet due, but payable at some future day, it shall and may be lawful for the obligee, payee or holder of the said demand, or his assignee, or indorsee, as the case may be, upon swearing that such person is indebted to him, and that the demand is just and owing, but not yet due, and that the debtor is about to abscond or remove without the limits of this State, and that such creditor was not aware that the debtor had any intention to remove from the State at the time when the original contract was made, or at the time of such assignment or indorsement, as the case may be, to commence an action by issuing a writ or process returnable to the court next after the day of payment fixed in such demand, and shall have power to hold to bail, in the same manner as is now provided in cases of debt actually due; Provided, nevertheless, that if the debtor shall make it appear, before the return day of the writ or process? to a Judge at Chambers, that such debtor at the time the contract was entered into, had the intention to remove from the State, and that such intention was at the same time known to the creditor, the said suit shall be dismissed with costs.”
On a joint contract under the Act in question, when one of the parties is about removing from the State, we think a joint writ may be issued returnable at a day after the debt is *384 due ; and on making the affidavit required by tbe Act, tbe party about removing may be proceeded against according to tbe provisions of tbe Act, and the resident party after the debt is due, may be served.with a copy of the writ, and that such service as to him, is to be regarded as the commencement of the action. ' .
In this case, the service on Tindall was before the note was due, and hence the action as to him, was prematurely brought.
' As respects the second ground, whether the defendant by appearing and pleading to the action was thereby precluded from availing himself of the defence, under the general issue, that the action had been prematurely brought, the authorities on' this branch of the case are so decisive, that a bare reference to them is sufficient. In 1 Chit. Pl. 453, it is said: “Pleas in abatement to the action of the writ are, that the action is misconceived, as that it is in case, when it should have been trespass, or that it was premature; but as these matters are the ground of demurrer, or nonsuit, it is now very unusual to plead them in abatement.” To the same effect, see 1 Com. Dig. title Action, letter E., 214.
The motion for a nonsuit is, therefore, granted.
O’Neall, Wardlaw, Withers, Whitner, and G-lover, JJ., concurred.
Motion granted;